UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS V. TELERICO, and
TERRI ROEDER

      Plaintiffs,
vs.             Case No.
               Hon.
NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

      Defendant.
_____/

| | |
|---|---|
| Alexander v. Lyzohub P34422<br>Attorney for Plaintiffs<br>14700 Farmington Road, Suite 101<br>Livonia, MI 48154-5434<br>(734) 427-5555 | Michael F. Schmidt P25213<br>Attorney for Defendant<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084<br>(248)649-7800 |

_____/

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

  1. There is currently pending in the Roscommon County Circuit Court, Roscommon, Michigan, a civil action, Case No. 11-728999-CK, between plaintiffs, Louis V. Telerico and Terri Roeder, and defendant Nationwide Mutual Fire Insurance Company. (Exhibit 1, plaintiffs' complaint).

  2. The above action involves a complaint for insurance coverage for alleged property damage from an alleged snow load and subsequent leak of the roof on the insured premises which allegedly occurred on 2/28/04 pursuant to a policy of insurance issued by Nationwide Mutual Fire Insurance Company to Terri Roeder, policy number 91 21 HP 052922 with a policy period from 12/6/03 to 12/6/04.

3. This action involves a controversy between citizens of different states under 28 USC §1332(a)(1):

    (a) At the time of the filing of this Notice and at the time that the State court action was filed, plaintiff, Louis V. Telerico, was (and currently is) a resident of Wayne County, Michigan, and thus a citizen of Michigan within the meaning of 28 U.S.C. §1332;

    (b) At the time of the filing of this Notice and at the time that the State court action was filed, plaintiff, Terri Roeder, was (and currently is) a resident of Wayne County, Michigan, and thus a citizen of Michigan within the meaning of 28 U.S.C. §1332;

    (c) At the time of the filing of this Notice and at the time that the State court action was filed, defendant, Nationwide Mutual Fire Insurance Company, had (and currently has) its principal place of business in Columbus, Ohio, and was (and currently is) incorporated in the State of Ohio and was (and currently is) not a citizen of the State of Michigan within the meaning of 28 U.S.C. §1332.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

5. Defendant files this notice of removal within 30 days after receipt by defendant of a copy of the initial pleading setting forth the claim for relief upon which this action is based. Defendant was served in person on 1/20/11. The time for filing this Notice of Removal pursuant to 28 USC §1446(b) has not expired.

6. Defendant believes that plaintiffs will be claiming damages in excess of $75,000, exclusive of interest and costs, because of the following:

   (a) The complaint alleges that the defendant, Nationwide Mutual Fire Insurance Company, has breached the policy of insurance and failed to pay the damages claimed in the amount of $58,000 plus costs and interest.

   (b) The policy issued by Nationwide Mutual Fire Insurance Company referred to above provides dwelling coverage of $115,800, personal property coverage of $111,400 and loss of use coverage of $115,800.

   (c) In addition, the plaintiffs seek recovery for conversion per MCL 600.2919a and seek trouble damages in the amount of $174,000.

7. Written notice of the filing of this Notice of Removal has been given to all adverse parties as required by 28 U.S.C. §1446(d).

8. A true copy of this Notice of Removal is being filed with the Roscommon County Circuit Court as required by 28 U.S.C. §1446(d).

9. Filed with this Notice of Removal and attached hereto as Exhibit 1 is a true and correct copy of the complaint served on the defendant which is the only pleading filed to date in this case.

WHEREFORE, the defendant Nationwide Mutual Fire Insurance Company, respectfully requests that this action be removed from the Roscommon County Circuit Court to this Court.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

PROOF OF SERVICE

The undersigned certified that a copy of the foregoing pleading(s) were served upon the attorneys of record for all parties to the above cause by mailing the same in the US Mail, first class, postage prepared, to said attorneys at their addresses disclosed by the pleadings of record herein on 2-22-11.

/s/Pamela Fantazian
Secretary to Michael F. Schmidt

Dated:   February 22, 2011

Respectfully submitted,

HARVEY KRUSE, P.C.

By:/s/Michael F. Schmidt
    Michael F. Schmidt (P25213)
    Attorneys for Defendant
    1050 Wilshire Dr., Suite 320
    Troy, Michigan  48084-1526
    (248) 649-7800

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526    248-649-7800

STATE OF MICHIGAN

ROSCOMMON COUNTY CIRCUIT COURT

LOUIS V. TELERICO, and
TERRI ROEDER,

                Plaintiffs,

v.                              Case No.        CK
                                         Hon.

11728999

NATIONWIDE MUTUAL
FIRE INSURANCE COMPANY,
                Defendant.
_____/

MICHAEL J. BAUMGARTNER
CIRCUIT JUDGE
P23694

ALEXANDER V. LYZOHUB
Attorney for Plaintiffs
14700 Farmington Road
Suite 101
Livonia, MI 48154-5434
734/427-5555
734/427-8544 Fax
_____/

### STATEMENT OF NO OTHER ACTION

*THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE IN THIS MATTER.*

### COMPLAINT

### COUNT I (BREACH OF CONTRACT)

1. Plaintiffs are residents of Wayne County, Michigan.

2. Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, is a Foreign Insurance Corporation and a Property and Casualty Insurer conducting business in Roscommon County, State of Michigan.

3. The amount in controversy exceeds $25,000.00, and this Court otherwise has jurisdiction of this matter.

4. Plaintiffs are the are the owners of the Real Property located at 113 Brad N Cris, Drive, Houghton Lake, Roscommon County, Michigan 48629 ("Property").

5. Defendant owed the public, and Plaintiffs, a duty to act in a legal, proper and reasonable manner; and in good faith and fair dealing.

6. Defendant is obligated to perform its Contract with Plaintiffs under an implied duty of Good Faith and Fair Dealing. There are thousands of cases which state that there is implied in every contract a duty of good faith and fair dealing, and this is the official position of the contract establishment, and has been the subject of considerable scholarly commentary. See *Restatement (Second) Contracts, Section 205* (1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."); *E. Allan Farnsworth, Contracts Section 7.17* (2d ed. 1990) (hereinafter "Farnsworth") (noting legal profession's overall acceptance of this position); Farnsworth, *supra* note 2, Section 7.17 at 527, nn. 3 & 4. See, *e.g.*, Steven J. Burton, *Breach of Contract and the Common Law Duty to Perform in Good Faith*, 94 Harv. L. Rev. 369 (1980).

Also, please see *Challenge Machine Company v. Mattison Machine Works*, 138 Mich App 15 (1984) (Good faith); *Genesee Merchants Bank & Trust Co. v. Tucker Motor Sales*, 143 Mich App 339 (1985) *lv den*, 424 Mich 883 (Good Faith); *Western Oil & Fuel Co. v. Kemp*, 245 F 2d 633 (8th Cir 1957) (Good faith & fair dealing); and *L.L. Hall,*

2

*Constr. Co. v. United States*, 177 Ct Cl 870, 379 F 2d 559 (1966) (Good faith & fair dealing).

7. On about February 28, 2004, Plaintiffs had in effect a Homeowners Insurance Policy ("Insurance Contract") with the Defendant covering casualty and property loss for the Property. The Insurance Contract is not required to be attached pursuant to MCR 2.112(D)(1).

8. On about February 28, 2004, Plaintiffs suffered a loss to their Property resulting from snow load and subsequent leaking on the roof ("loss").

9. The loss was a covered event under the Insurance Contract and Plaintiffs were entitled to be compensated therefore.

10. On about January 20, 2005, Plaintiffs submitted a Proof of Loss to Defendant. Exhibit "A".

11. Plaintiffs fully performed.

12. Defendant breached the Insurance Contract by failing, refusing, and or neglecting to make full payments to Plaintiffs on the loss.

13. As a direct and proximate result of the Defendant's breaches, Plaintiffs have been damaged in the amount of $58,000.00 plus costs, interest, and reasonable attorney fees.

3

WHEREFORE, Plaintiffs pray that this Honorable Court enter a Judgment in favor of Plaintiffs, and against the Defendant in the amount of $58,000.00, plus costs, interest (MCL 500.2006), and reasonable attorney fees.

## COUNT II
## UNJUST ENRICHMENT

14. Plaintiffs repeat herein Count I.

15. The Defendant's non-payment on Plaintiffs' loss resulted in Defendant's retaining monies, constituting unjust enrichment.

16. The unjust enrichment is a detriment to Plaintiffs, which detriment inured to the benefit of Defendant.

17. As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs have suffered a loss and been damaged in the amount of $58,000.00 plus costs, interest, and reasonable attorney fees.

WHEREFORE, Plaintiffs pray that this Honorable Court enter a Judgment in favor of Plaintiff, and against the Defendant in the amount of $58,000.00, plus costs, interest (MCL 500.2006), and reasonable attorney fee.

4

## COUNT III
## CONVERSION

18. Plaintiffs repeat herein Counts I and II.

19. Plaintiffs, LOUIS TELERICO and TERRI ROEDER were the rightful owners of monies payable under the loss.

20. Defendant's wrongful retention of the Plaintiffs' loss monies constitute a conversion.

21. As a direct and proximate result of Defendant's conversion, Plaintiffs have suffered a loss and been damaged in the amount of $58,000.00.

22. Pursuant to MCL 600.2919a, Plaintiffs are entitled to treble damages, costs, and reasonable attorney's fees as a result of the Defendants' conversion.

WHEREFORE, Plaintiff prays that this Honorable Court enter a Judgment in favor of Plaintiff, and against the Defendant in the amount of $174,000.00, plus costs, interest, and reasonable attorney fees.

Respectfully submitted,

Dated:   January 19, 2011

_____
ALEXANDER V. LYZOHUB (P34422)
Attorney for Plaintiffs
14700 Farmington Road, Suite 101
Livonia, MI  48154-5434
734/427-5555
734/427-8544 Fax

5

January 20, 2005

Attn: Matthew Fennelly
Claims Department
Nation Wide Insurance Co
2800 Livernoise, Suite 550
Troy, MI. 48083

RE Claim 9121hp0529220228200401

Dear Matt,

We are inclosing our proof of loss in which you had sent on January 7th 2005, as of this 20th day of January.

We have completed said form for your review, should you have any further questions or concerns regarding same please feel free to contact me at your earliest convenience @ 989-422-5078.
Thank you


Sincerely,

*[signature]*
Louis Telerico
Homeowner

"A"



2800 Livernois, Suite 550 * Troy, MI 48083 * *

January 7, 2005

Terri Roeder
113 Brad Chris Rd North
Houghton Lake, MI 48629


OUR INSURED : Terri Roeder
OUR CLAIM NUMBER : 91 21 HP 052922 02282004 01
DATE OF LOSS: 02-28-2004

The enclosed Sworn Statement in Proof of Loss needs to be completed and returned to me. This form is your formal, legal claim and must be returned within sixty (60) days, unless such time is extended in writing by Nationwide Insurance. The completed form must also be notarized.

At the top of the form fill in: The amount of the policy limits at the time of loss, policy inception date, policy expiration date, policy number, claim number, agent name, and Insurance company. This information is found on the Declarations page of your insurance policy.

The following are to help you complete questions 1 through 9:

1. Tell us the type of loss (theft, fire, etc.), the time, date, what happened and how it occurred.
2. How the property was occupied? For example: as a multi-unit rental, single family owner-occupied, two family owner-occupied/rental, etc.
3. List all owners, mortgage holders, and other parties holding any interest in the property.
4. Tell us about any changes in ownership, use, location, occupancy, possession of the property; removal of any contents; any assignment of the insurance policy; and state any change in coverage at the time of loss.
5. Total value of any and all policies of insurance that covered the property at the time of the loss.
6. State the value of the loss and damage for each item of property.
7. Total amount of loss and damage for all property.
8. Deductible.
9. Total amount for which you are submitting, less deductible.

Fill in Schedule A if there is more than one policy insuring the property.

Please complete the statement, have it notarized and return it to me. The enclosed envelope is for your convenience in returning the document. If you have any questions please call me. Thank you for your cooperation.

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
Matthew Fennelly
Claims Department
1-(800)373-8769 Ext. 265

# SWORN STATEMENT IN PROOF OF LOSS

Amount of Policy at time of loss: $  
Inception Date:  
Policyholder Name: Terri Roeder  

Policy Number: 052922  
Expiration Date:  
Claim Number: 91 21 HP 052922 02282004 01  
Loss Location: 113 BRAD CHRIS RD  

NORTHHOUGHTON LMI48629ROSCOMMON  
Agent: P DAVENPORT  
To the: NATIONWIDE MUTUAL FIRE INSURANCE COMPANY  

At time of loss, by the above indicated policy of insurance you insured Terri Roeder against loss by water intrusion, to the property described under Schedule "A", according to the terms and conditions of the said policy and all forms, endorsements, transfers, and assignments attached thereto.

1. Time and Origin: A __STORM__ loss occurred about __N/A__ on __2-28-04__.
   The cause and origin of said loss were: (time)   (date)
   __ICE / SNOW / WATER Intrusion__.

2. Occupancy: The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever: __Personal Residential__.

3. Title and Interest: At the time of the loss the interest of your insured in the property described therein was __Terri Roeder__. No other person or persons had any interest therein or incumbencies except: __Louis Tereuco__.

4. Changes: Since the said policy was issued there has been no assignment thereof, or changes of interest, use, occupancy, possession, or exposure of the property described, except:
   __None__

5. Total Insurance: The total amount of insurance upon the property described by this policy was, at the time of loss, $ __115,800.00__, as more particularly specified in the apportionment attached under Schedule "C", besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. Actual Cash Value of said property at the time of loss,            $ __55,000.00__
7. The Whole Loss and Damage was                                     $ __58,000.00__
8. Less Amount of Deductible or Coinsurance Penalty                 $ __1,000.00__
9. The Amount Claimed under the above numbered policy is            $ __55,000.00__

The said loss did not originate by any act, design, or procurement on the part of your insured or its affiliates. Any other information that may be required will be furnished and considered a part of this proof.

In consideration of any payment made pursuant to this proof the undersigned hereby assigns and transfers to the Company named above and agrees that said Company is subrogated to each and all claims and demands against any persons, firms or corporations arising from or connected with such loss or damages to the extent of such payments. The undersigned agrees that he will assist the Company on the prosecution of such claims and will execute any and all papers necessary in effecting recovery. The furnishing of this blank or the preparation of the above by a representative of the above insurance company is not a waiver of any rights.

_____   _____
SIGNATURE OF INSURED         SIGNATURE OF INSURED

On this ____04th____ day of __January__, 20 __05__, Before me personally appeared
__Terri Roeder + Louis Tereuco__ to me known to be the person .... described herein, and who executed the foregoing instrument and _____ acknowledged that _____ voluntarily executed the same.

My term expires __8/24/08__, 20___   _____
                                      NOTARY PUBLIC

KENNETH D. THOMAS  
NOTARY PUBLIC WAYNE CO., MI  
MY COMMISSION EXPIRES Aug 24, 2008

## SCHEDULE "A" – POLICY FORM

Policy Form No. _N/A_ Dated _____

Item 1. $ _____ on _____
Item 2. $ _____ on _____
Item 3. $ _____ on _____
Item 4. $ _____ on _____
Situated: _____

Coinsurance, Average, Distribution, or Deductible Clauses, if any

_____ N/A _____

Loss, if any, Payable to

_____

## SCHEDULE "B"
### STATEMENT OF ACTUAL CASH VALUE AND LOSS DAMAGE

|  | N/A | ACTUAL CASH VALUE | | LOSS AND DAMAGE | |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
| Totals: |  |  |  |  |  |

## SCHEDULE "C" – APPORTIONMENT

| POLICY NO. | EXPIRES | COMPANY NAME | ITEM NO. | | | ITEM NO. | | |
|---|---|---|---|---|---|---|---|---|
|  |  |  | INSURES | | PAYS | INSURES | | PAYS |
|  | N/A |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
| Totals: |  |  |  |  |  |  |  |  |

d) submit to us, within 60 days after we request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
(1) the time and cause of loss.
(2) interest of the insured and all others in the property involved and all liens on the property.
(3) other insurance that may cover the loss.
(4) changes in title or occupancy of the property during the term of the policy.
(5) specifications of any damaged property and detailed estimates for repair of damage.
(6) a list of damaged personal property showing in detail the quantity, description, actual cash value, and amount of loss. Attach all bills and receipts that support the figures.
(7) receipts for additional living expenses and records supporting the fair rental value loss.
(8) evidence or affidavit supporting a claim under the Credit Card, Electronic Fund Transfer Card, Access Device and Forgery Coverage. It should state the amount and cause of loss."

I am also sending you a sworn proof of loss that you must fill and have notarized.

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
Matthew Fennelly
Claims Department
1-(800)373-8769  Ext. 265