# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

LOUIS V. TELERICO and
TERRI ROEDER,

     *Plaintiffs*,               CASE NO: 11-10702

v.                            DISTRICT JUDGE THOMAS L. LUDINGTON
                            MAGISTRATE JUDGE CHARLES E. BINDER

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

     *Defendant*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO DISMISS
(Doc. 13)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion be

**DENIED**.

## II.    REPORT

### A.    Introduction

Defendant seeks the imposition of case-dispositive dismissal sanctions, pointing to what

counsel characterizes as a pattern of dilatory conduct by Plaintiffs amounting to a violation of an

earlier discovery order. Defendant asserts that this violation has prejudiced its ability to bring

forward the case.

Plaintiffs' counsel argues that Defendant has not actually been prejudiced, pointing to its

most recent discovery filing and response to this motion (Doc. 16), which, while rejected by the

Clerk under the Court's Local Rules, was nevertheless received by counsel for Defendant. Pursuant to the parties' stipulation, on June 2, 2011, the Court signed an order requiring Plaintiffs to comply with outstanding discovery requests. (Doc. 12.) The instant motion followed on July 21, 2011. Oral argument was heard August 29, 2011, and Defendant filed a supplemental brief shortly thereafter. (Doc. 18.) I therefore conclude that the motion is ready for report and recommendation.

### B.      Governing Legal Standards

Rule 37 of the Federal Rules of Civil Procedure permits a court to "issue further just orders" when a party has failed to "obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a) . . . ." Fed. R. Civ. P. 37(b)(2). Examples of such "further just orders," depending upon the circumstances, are: an order "striking pleadings in whole or in part"; an order "staying further proceedings until the order is obeyed"; or an order "rendering a default judgment against the disobedient party . . . ." Fed. R. Civ. P. 37(b)(2)(A).

The United States Supreme Court has affirmed the inherent power of a district court to sanction the bad-faith conduct of a party or their attorneys. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Rule 37 has been consistently construed to require a showing of bad faith or willfulness before a court may impose the ultimate sanction of dismissal. *See Harmon v. CSX Transportation, Inc.*, 110 F.3d 364 (6th Cir. 1997); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150 (6th Cir. 1988). In this circuit, courts are to consider

> (1) whether the adversary was prejudiced by the [sanctioned] party's failure to cooperate in discovery, (2) whether the [sanctioned] party was warned that failure to cooperate could lead to [such a sanction], and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir. 1988) (citing *Regional Refuse Systems*, 842 F.2d at 155). Dismissal is therefore the sanction of last resort and "[i]t should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) (citing *Taylor*, 861 F.2d at 985).

### C.    Analysis and Conclusions

The Court notes at the outset that Plaintiffs seek the imposition of the most serious sanctions possible under Rule 37 – sanctions characterized as being of "last resort," which should be imposed only upon a finding of a failure to cooperate motivated by willful intent or bad faith. *See Beil*, *supra*.

After review of the documents submitted and the arguments of the parties, the Court is unable to find the willful bad faith required for the imposition of case-dispositive sanctions. Although not in appropriate form and arguably late, Plaintiff's 56-page response contains amended answers to interrogatories as well as summaries and cost estimates of damages, some of which are specific to given rooms of the allegedly damaged home. The Court is thus unable to conclude that the circumstances underlying this production meet the standards for the issuance of case-dispositive sanctions under Rule 37 and therefore suggest that denial of Defendant's motion is appropriate.

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ *Charles E. Binder*

CHARLES E. BINDER
United States Magistrate Judge

Dated: September 9, 2011

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Alexander Lyzohub and Michael Schmidt, and served on District Judge Ludington in the traditional manner.

Date:  September 9, 2011          By    s/*Jean L. Broucek*
                                  Case Manager to Magistrate Judge Binder