UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOUIS V. TELERICO and
TERRI ROEDER,

            Plaintiffs,

                                                 Case Number 11-10702

v.                                              Honorable Thomas L. Ludington

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

            Defendant.
_____/


**ORDER OVERRULING DEFENDANT'S OBJECTIONS,
ADOPTING JUDGE BINDERS'S REPORT AND RECOMMENDATION,
AND DENYING DEFENDANT'S MOTION TO DISMISS**

      Magistrate Judge Charles Binder issued a report and recommendation (ECF No. 19) on September 9, 2011, recommending that the Court deny Defendant Nationwide Mutual Fire Insurance Company's motion to dismiss (ECF No. 13). Judge Binder reports that Defendant seeks a case-dispositive dismissal as a discovery sanction. Judge Binder recommends that the motion be denied, as Defendant has not demonstrated that the discovery deficiencies of Plaintiffs Louis Telerico and Terri Roeder were the product of willfulness or bad faith.

      Defendant timely filed objections on September 19, 2011. ECF No. 23. Responding to Judge Binder's report and recommendation, Defendant contends that Plaintiffs' responses remain "inadequate" and requests that "[i]f the court is not going to dismiss the plaintiff's complaint, it is at least requested that the court order the plaintiffs to answer the outstanding discovery requests within 7 days." Def.'s Objections ¶ 9. After considering Defendant's articulated "objection" — which does not in fact object to any portion of the report — the Court agrees with

Judge Binder's conclusion that Defendant has not demonstrated that Plaintiffs' discovery deficiencies were the product of willfulness or bad faith. Accordingly, Defendant's motion to dismiss (ECF No. 13) will be denied.

## I

This case arises out of a homeowners insurance contract that Plaintiffs allegedly entered into with Defendant covering property located in Roscommon County, Michigan. In February 2004, Plaintiffs contend, the roof of the covered property was damaged by a snow load that caused the roof to begin to leak. Plaintiff submitted a claim for $58,000, they further contend, but payment was not forthcoming. This litigation eventually followed.

In January 2011, Plaintiffs brought suit in Roscommon County Circuit court, alleging breach of contract, unjust enrichment, and conversion. Plaintiffs sought compensation pursuant to the terms of the contract, as well as treble damages for Defendant's alleged conversion. In February 2011, Defendant removed the case to this Court on the basis of diversity jurisdiction. About this time, Defendant served interrogatories and requests to produce on Plaintiffs. In April, Defendant moved to compel responses. ECF Nos. 6, 7. In June 2011, the parties resolved the disputes underlying the motions, and the Court entered an order directing Plaintiffs to provide the requested discovery by May 24, 2011. ECF No. 12.

In July 2011, Defendant filed the motion to dismiss now pending before the Court. ECF No. 13. Contending that Plaintiffs' "responses are inadequate," Defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 37. On September 9, 2011, Judge Binder issued his report and recommendation, in which Judge Binder recommends that the Court deny the motion to dismiss. ECF No. 19.

II

28 U.S.C. § 636(b)(1) authorizes the court to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." It further provides that "the magistrate judge shall file his proposed findings and recommendations" and that "any party may serve and file written objections to such proposed findings and recommendations." *Id*. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not obligated to further review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

III

Rule 37 provides in pertinent part that when a party does not "obey an order to provide or permit discovery . . . the court . . . may issue further just orders." Fed. R. Civ. P. 37(B)(2)(A). The enumerated "just orders" range from, for example, "staying further proceedings until the order is obeyed" to outright "dismissing the action." *Id*. "Dismissal," the Sixth Circuit cautions, "is the sanction of last resort." *Beil v. Lakewood Eng'g & Mfg Co*., 15 F.3d 546, 552 (6th Cir. 1994). It is to be "imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Id*. (citing *Taylor v. Medtronics, Inc*., 861 F.2d 980, 985 (6th Cir. 1988)).

In this case, Defendant's motion does not contend that Plaintiffs' discovery deficiencies are the product of willfulness, bad faith, or due to their own fault. Accordingly, Defendant is not entitled to the relief it seeks in its motion — dismissal of Plaintiffs' complaint. Likewise, Defendant's "objection" to Judge Binder's report, that Plaintiffs' responses are "inadequate," identifies no error in Judge Binder's reasoning or conclusion. The relief Defendant seeks in its


"objection" — "that the court order the plaintiffs to answer the outstanding discovery requests within 7 days" — was not requested in Defendant's motion and accordingly not addressed by Judge Binder's report. As Defendant has identified no error in Judge Binder's report, and as an independent review of the record reveals the correctness of Judge Binder's conclusions, the report will be adopted and Defendant's motion will be denied.

### III

Accordingly, it is **ORDERED** that Defendant's objection to Judge Binder's report and recommendation (ECF No. 23) is **OVERRULED**.

It is further **ORDERED** that the Judge Binder's report and recommendation (ECF No. 19) is **ADOPTED**.

It is further **ORDERED** that Defendant's motion to dismiss (ECF No. 13) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 11, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS