# EXHIBIT

# 1

# CT Corporation

**Service of Process Transmittal**
01/20/2011
CT Log Number 517909264

**TO:** Carrie Troesch
Nationwide Mutual Insurance Company
One Nationwide Plaza
Columbus, OH 43215-2220

**RE:** **Process Served in Michigan**

**FOR:** Nationwide Mutual Fire Insurance Company (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Louis V. Telerico and Terri Roeder, Pltfs. vs. Nationwide Mutual Fire Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service Form, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | 34th Circuit Court, Roscommon County, MI<br>Case # 11728999CK |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for loss to property resulting from snow load and subsequent leaking on the roof on February 28, 2004 - Seeking $174,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Bingham Farms, MI |
| **DATE AND HOUR OF SERVICE:** | By Hand Delivered on 01/20/2011 |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days |
| **ATTORNEY(S) / SENDER(S):** | Alexander V. Lyzohub<br>14700 Farmington Road, Suite 101<br>Livonia, MI 48154-5434<br>734-427-5555 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/20/2011, Expected Purge Date: 01/25/2011<br>Image SOP |
| **SIGNED:** | The Corporation Company |
| **PER:** | Stephanie Hendrickson |
| **ADDRESS:** | 30600 Telegraph Road<br>Suite 2345<br>Bingham Farms, MI 48025-5720 |
| **TELEPHONE:** | 248-646-9033 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>34TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>11728999 CK |
|---|---|---|

Court address: 500 LAKE STREET, ROSCOMMON, MI 48653-7690

Court telephone no.: 989-275-4776

| Plaintiff's name(s), address(es), and telephone no(s).<br>LOUIS TELERICO and<br>TERRI ROEDER | v | Defendant's name(s), address(es), and telephone no(s).<br>NATIONWIDE MUTUAL FIRE INSURANCE COMPANY<br>c/o THE CORPORATION COMPANY<br>30600 TELEGRAPH ROAD<br>BINGHAM FARMS, MI 48025 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
ALEXANDER V. LYZOHUB (P34422)
14700 Farmington Road, Suite 101
Livonia, MI 48154-5434
734/427-5555

**SUMMONS** | NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued: 1-19-11 | This summons expires: 4-20-11 | Court clerk: Ann Bork |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** | Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☒ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☒ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>ROSCOMMON COUNTY, MI | Defendant(s) residence (include city, township, or village)<br>ROSCOMMON COUNTY, MI |
|---|---|

Place where action arose or business conducted
ROSCOMMON COUNTY, MICHIGAN

| 1/19/2011 | |
|---|---|
| Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**PROOF OF SERVICE** | **SUMMONS AND COMP...** Case No.

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____
Name (type or print) _____
Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date
My commission expires: _____ Signature: _____
                          Date                                Deputy court clerk/Notary public
Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments
_____ on _____
                           Day, date, time
_____ on behalf of _____
Signature

STATE OF MICHIGAN

ROSCOMMON COUNTY CIRCUIT COURT

LOUIS V. TELERICO, and
TERRI ROEDER,

                        Plaintiffs,

v.

NATIONWIDE MUTUAL
FIRE INSURANCE COMPANY,

                        Defendant.
_____/

11728999

Case No.      CK
Hon.

MICHAEL J. BAUMGARTNER
CIRCUIT JUDGE
P23694

ALEXANDER V. LYZOHUB
Attorney for Plaintiffs
14700 Farmington Road
Suite 101
Livonia, MI 48154-5434
734/427-5555
734/427-8544 Fax
_____/

### STATEMENT OF NO OTHER ACTION

*THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE IN THIS MATTER.*

### COMPLAINT

### COUNT I (BREACH OF CONTRACT)

1. Plaintiffs are residents of Wayne County, Michigan.

2. Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, is a Foreign Insurance Corporation and a Property and Casualty Insurer conducting business in Roscommon County, State of Michigan.

3. The amount in controversy exceeds $25,000.00, and this Court otherwise has jurisdiction of this matter.

4. Plaintiffs are the are the owners of the Real Property located at 113 Brad N Cris, Drive, Houghton Lake, Roscommon County, Michigan 48629 ("Property").

5. Defendant owed the public, and Plaintiffs, a duty to act in a legal, proper and reasonable manner; and in good faith and fair dealing.

6. Defendant is obligated to perform its Contract with Plaintiffs under an implied duty of Good Faith and Fair Dealing. There are thousands of cases which state that there is implied in every contract a duty of good faith and fair dealing, and this is the official position of the contract establishment, and has been the subject of considerable scholarly commentary. See *Restatement (Second) Contracts, Section 205* (1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."); *E. Allan Farnsworth, Contracts Section 7.17* (2d ed. 1990) (hereinafter "Farnsworth") (noting legal profession's overall acceptance of this position); Farnsworth, *supra* note 2, Section 7.17 at 527, nn. 3 & 4. See, *e.g.*, Steven J. Burton, *Breach of Contract and the Common Law Duty to Perform in Good Faith*, 94 Harv. L. Rev. 369 (1980).

Also, please see *Challenge Machine Company v. Mattison Machine Works*, 138 Mich App 15 (1984) (Good faith); *Genesee Merchants Bank & Trust Co. v. Tucker Motor Sales*, 143 Mich App 339 (1985) *lv den*, 424 Mich 883 (Good Faith); *Western Oil & Fuel Co. v. Kemp*, 245 F 2d 633 (8th Cir 1957) (Good faith & fair dealing); and *L.L. Hall,*

2

*Constr. Co. v. United States*, 177 Ct Cl 870, 379 F 2d 559 (1966) (Good faith & fair dealing).

7. On about February 28, 2004, Plaintiffs had in effect a Homeowners Insurance Policy ("Insurance Contract") with the Defendant covering casualty and property loss for the Property. The Insurance Contract is not required to be attached pursuant to MCR 2.112(D)(1).

8. On about February 28, 2004, Plaintiffs suffered a loss to their Property resulting from snow load and subsequent leaking on the roof ("loss").

9. The loss was a covered event under the Insurance Contract and Plaintiffs were entitled to be compensated therefore.

10. On about January 20, 2005, Plaintiffs submitted a Proof of Loss to Defendant. Exhibit "A".

11. Plaintiffs fully performed.

12. Defendant breached the Insurance Contract by failing, refusing, and or neglecting to make full payments to Plaintiffs on the loss.

13. As a direct and proximate result of the Defendant's breaches, Plaintiffs have been damaged in the amount of $58,000.00 plus costs, interest, and reasonable attorney fees.

WHEREFORE, Plaintiffs pray that this Honorable Court enter a Judgment in favor of Plaintiffs, and against the Defendant in the amount of $58,000.00, plus costs, interest (MCL 500.2006), and reasonable attorney fees.

## COUNT II
## UNJUST ENRICHMENT

14. Plaintiffs repeat herein Count I.

15. The Defendant's non-payment on Plaintiffs' loss resulted in Defendant's retaining monies, constituting unjust enrichment.

16. The unjust enrichment is a detriment to Plaintiffs, which detriment inured to the benefit of Defendant.

17. As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs have suffered a loss and been damaged in the amount of $58,000.00 plus costs, interest, and reasonable attorney fees.

WHEREFORE, Plaintiffs pray that this Honorable Court enter a Judgment in favor of Plaintiff, and against the Defendant in the amount of $58,000.00, plus costs, interest (MCL 500.2006), and reasonable attorney fee.

## COUNT III
## CONVERSION

18. Plaintiffs repeat herein Counts I and II.

19. Plaintiffs, LOUIS TELERICO and TERRI ROEDER were the rightful owners of monies payable under the loss.

20. Defendant's wrongful retention of the Plaintiffs' loss monies constitute a conversion.

21. As a direct and proximate result of Defendant's conversion, Plaintiffs have suffered a loss and been damaged in the amount of $58,000.00.

22. Pursuant to MCL 600.2919a, Plaintiffs are entitled to treble damages, costs, and reasonable attorney's fees as a result of the Defendants' conversion.

WHEREFORE, Plaintiff prays that this Honorable Court enter a Judgment in favor of Plaintiff, and against the Defendant in the amount of $174,000.00, plus costs, interest, and reasonable attorney fees.

Respectfully submitted,

Dated: January 19, 2011

ALEXANDER V. LYZOHUB (P34422)
Attorney for Plaintiffs
14700 Farmington Road, Suite 101
Livonia, MI 48154-5434
734/427-5555
734/427-8544 Fax

5

January 20, 2005

Attn: Matthew Fennelly
Claims Department
Nation Wide Insurance Co
2800 Livernoise, Suite 550
Troy, MI. 48083

RE Claim 9121hp0529220228200401

Dear Matt,

We are inclosing our proof of loss in which you had sent on January 7th 2005, as of this 20th day of January.

We have completed said form for your review, should you have any further questions or concerns regarding same please feel free to contact me at your earliest convenience @ 989-422-5078. Thank you

Sincerely,

Louis Telerico
Homeowner

"A"



2800 Livernois, Suite 550 * Troy, MI 48083 * *

January 7, 2005

Terri Roeder
113 Brad Chris Rd North
Houghton Lake, MI 48629

OUR INSURED : Terri Roeder
OUR CLAIM NUMBER : 91 21 HP 052922 02282004 01
DATE OF LOSS: 02-28-2004

The enclosed Sworn Statement in Proof of Loss needs to be completed and returned to me. This form is your formal, legal claim and must be returned within sixty (60) days, unless such time is extended in writing by Nationwide Insurance. The completed form must also be notarized.

At the top of the form fill in: The amount of the policy limits at the time of loss, policy inception date, policy expiration date, policy number, claim number, agent name, and Insurance company. This information is found on the Declarations page of your insurance policy.

The following are to help you complete questions 1 through 9:

1. Tell us the type of loss (theft, fire, etc.), the time, date, what happened and how it occurred.
2. How the property was occupied? For example: as a multi-unit rental, single family owner-occupied, two family owner-occupied/rental, etc.
3. List all owners, mortgage holders, and other parties holding any interest in the property.
4. Tell us about any changes in ownership, use, location, occupancy, possession of the property; removal of any contents; any assignment of the insurance policy; and state any change in coverage at the time of loss.
5. Total value of any and all policies of insurance that covered the property at the time of the loss.
6. State the value of the loss and damage for each item of property.
7. Total amount of loss and damage for all property.
8. Deductible.
9. Total amount for which you are submitting, less deductible.

Fill in Schedule A if there is more than one policy insuring the property.

Please complete the statement, have it notarized and return it to me. The enclosed envelope is for your convenience in returning the document. If you have any questions please call me. Thank you for your cooperation.

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
Matthew Fennelly
Claims Department
1-(800)373-8769 Ext. 265

# SWORN STATEMENT IN PROOF OF LOSS

Amount of Policy at time of loss: $  
Inception Date:  
Policyholder Name: Terri Roeder  

Policy Number: 052922  
Expiration Date:  
Claim Number: 91 21 HP 052922 02282004 01  
Loss Location: 113 BRAD CHRIS RD  
NORTHHOUGHTON LMI48629ROSCOMMON  

Agent: P DAVENPORT  
To the: NATIONWIDE MUTUAL FIRE INSURANCE COMPANY  

At time of loss, by the above indicated policy of insurance you insured Terri Roeder against loss by water intrusion, to the property described under Schedule "A", according to the terms and conditions of the said policy and all forms, endorsements, transfers, and assignments attached thereto.

1. Time and Origin: A __STORM__ loss occurred about __N/A__ on __2-28-04__.
   The cause and origin of said loss were: (time) (date)
   __ICE / SNOW / WATER Intrusion__

2. Occupancy: The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever: __Personal Residential__

3. Title and Interest: At the time of the loss the interest of your insured in the property described therein was __Terri Roeder__. No other person or persons had any interest therein or incumbencies except: __Louis Tedesco__

4. Changes: Since the said policy was issued there has been no assignment thereof, or changes of interest, use, occupancy, possession, or exposure of the property described, except:
   __None__

5. Total Insurance: The total amount of insurance upon the property described by this policy was, at the time of loss, $ __115,800.00__, as more particularly specified in the apportionment attached under Schedule "C", besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. Actual Cash Value of said property at the time of loss,                           $ __55,000.00__
7. The Whole Loss and Damage was                                                     $ __58,000.00__
8. Less Amount of Deductible or Coinsurance Penalty                                  $ __1,000.00__
9. The Amount Claimed under the above numbered policy is                             $ __55,000.00__

The said loss did not originate by any act, design, or procurement on the part of your insured or its affiliates. Any other information that may be required will be furnished and considered a part of this proof.

In consideration of any payment made pursuant to this proof the undersigned hereby assigns and transfers to the Company named above and agrees that said Company is subrogated to each and all claims and demands against any persons, firms or corporations arising from or connected with such loss or damages to the extent of such payments. The undersigned agrees that he will assist the Company on the prosecution of such claims and will execute any and all papers necessary in effecting recovery. The furnishing of this blank or the preparation of the above by a representative of the above insurance company is not a waiver of any rights.

_____    _____
SIGNATURE OF INSURED          SIGNATURE OF INSURED

On this __30th__ day of __January__, 20 __05__. Before me personally appeared __Terri Roeder + Louis Tedesco__ to me known to be the person .... described herein, and who executed the foregoing instrument and _____ acknowledged that _____ voluntarily executed the same.

My term expires __8/24/08__, 20___    _____
                                       NOTARY PUBLIC

KENNETH D. THOMAS  
NOTARY PUBLIC WAYNE CO., MI  
MY COMMISSION EXPIRES Aug 24, 2008

## HEDULE "A" – POLICY FORM

Policy Form No. __N/A_____  Dated _____

Item 1. $ _____ on _____

Item 2. $ _____ on _____

Item 3. $ _____ on _____

Item 4. $ _____ on _____

Situated: _____

Coinsurance, Average, Distribution, or Deductible Clauses, if any

_____ N/A _____

Loss, if any, Payable to

_____

## SCHEDULE "B"
## STATEMENT OF ACTUAL CASH VALUE AND LOSS DAMAGE

| | N/A | ACTUAL CASH VALUE | | LOSS AND DAMAGE | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| Totals: | | | | | |

## SCHEDULE "C" – APPORTIONMENT

| POLICY NO. | EXPIRES | COMPANY NAME | ITEM NO. | | ITEM NO. | |
|---|---|---|---|---|---|---|
| | | | INSURES | PAYS | INSURES | PAYS |
| | N/A | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| Totals: | | | | | | |

d) submit to us, within 60 days after we request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
(1) the time and cause of loss.
(2) interest of the insured and all others in the property involved and all liens on the property.
(3) other insurance that may cover the loss.
(4) changes in title or occupancy of the property during the term of the policy.
(5) specifications of any damaged property and detailed estimates for repair of damage.
(6) a list of damaged personal property showing in detail the quantity, description, actual cash value, and amount of loss. Attach all bills and receipts that support the figures.
(7) receipts for additional living expenses and records supporting the fair rental value loss.
(8) evidence or affidavit supporting a claim under the Credit Card, Electronic Fund Transfer Card, Access Device and Forgery Coverage. It should state the amount and cause of loss."

I am also sending you a sworn proof of loss that you must fill and have notarized.

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
Matthew Fennelly
Claims Department
1-(800)373-8769 Ext. 265